NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

SUN HARDWARE COMPANY, Inc., Respondent.

No. 24723.

United States Court of Appeals, Ninth Circuit.

March 11, 1970.

Ronald Greenberg (argued), Atty., Marcel Mailet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D. C., Ralph E. Kennedy, Director, N.L.R.B., Los Angeles, Cal., for petitioner.

Wilson Clark (argued), of Brundage & Hackler, Los Angeles, Cal., for respondent.

Before BARNES and CARTER, Circuit Judges, and BYRNE,* District Judge.

## PER CURIAM.

Petitioner, the National Labor Relations Board (Board), seeks enforcement of its decision and order of November 26, 1968 against respondent, Sun Hardware Company, Inc., (Sun), which was found to have engaged in unfair labor practices as defined in section 8(a) (1) and (3) of the National Labor Relations Act. (29 U.S.C. § 158(a) (1), (3)) The Board adopted the findings and conclusions of the trial examiner with slight modifications (C.T. 33), and pursuant to section 10(c) of the Act ordered the enforcement of the recommended order. Our jurisdiction to enforce the order rests upon § 10(e) of the Act (29 U.S.C. § 160(e)), the alleged unfair labor practice having occurred in Long Beach, California.

We are called upon to determine whether there is substantial evidence in the record, viewed in its entirety, to support the decision and order recommended by the trial examiner and adopted by the Board. Universal Camera Corp. v. NLRB, 340 U.S. 474, 488, 71 S. Ct. 456, 95 L.Ed. 456 (1951); NLRB v. Miller Redwood Co., 407 F.2d 1366, 1369 (9th Cir. 1969). As we stated more specifically in Miller (supra at 1369):

"The Board may rely on circumstantial as well as direct evidence and its inference and finding on motivation must prevail where it is reasonable and supported by substantial evidence on the record considered as a whole. [citations omitted]

"A reviewing court may not 'displace the Board's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'" [citations omitted]

The facts surrounding the timing of the layoff and rehiring of the respondent's employees (both those in favor of and those opposed to unionization) is not in dispute. Nor is there any doubt as to the business intentions of the respondent on January 2, 1968, to require its employees to work the following two Saturdays in addition to the regular forty hour work week. We think these facts, when viewed in the context of the union organizational activity during the first week in January 1968, raised legitimate doubts as to the credibility of respondent's protestations that the sudden cancellation of the night shift during working hours was motivated solely by economic factors. Moreover, the preference in rehiring accorded to those employees who had not joined the union properly merited consideration, along with the other facts of the case.

Viewing the record as a whole, we hold that the trial examiner drew only "reasonable inferences from the evidence" (NLRB v. Kaiser Alum. & Chem. Corp., 277 F.2d 366, 368 (9th Cir. 1954)), which we think was substantial under the test enunciated by the Universal Camera decision.

Accordingly, enforcement of the order of the NLRB is hereby granted.

* Hon. William M. Byrne, Senior Judge, United States District Court, Central District of California, sitting by designation.